OPINION
Appellant, Michael A. Anderson, was indicted on one count of Receiving Stolen Property in violation of R.C. § 2913.51 and four counts of Forgery, in violation of R.C. § 2913.31(A) to which he entered pleas of not guilty.
A jury trial in this matter commenced on January 8, 2001.
Appellant was found guilty of receiving stolen property and three of the four counts of forgery.
The trial court sentenced appellant to six (6) months incarceration on the charge of receiving stolen property and six (6) months incarceration on each of the three counts of forgery, with each sentence running consecutive to the others with the exception of one of the forgery counts which was to run concurrently, with a total term of imprisonment of eighteen (18) months.
Appellant filed an appeal and this matter is now before this court for consideration. Appellant's sole Assignment of error is as follows:
 ASSIGNMENT OF ERROR THE JURY'S VERDICT OF GUILTY TO THE FORGERY CHARGES WAS NOT SUPPORTED BY THE EVIDENCE, OR IN THE ALTERNATIVE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHERE THE STATE FAILED TO PROVE AN ESSENTIAL ELEMENT OF THE CRIME OF "UTTERING A FORGED INSTRUMENT," I.E. KNOWLEDGE THAT THE INSTRUMENT WAS FORGED.
 I.
Through his sole assignment of error, Appellant claims the jury verdict as to the counts of forgery was against the manifest weight and sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. Furthermore, where there is a conviction, we must review the evidence in the light most favorable to the prosecution. Jenks, paragraph two of the syllabus. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant was convicted of three counts of forgery in violation of R.C. 2913.31(A), which provides, in pertinent part, that "no person, with purpose to defraud, or knowing that he is facilitating a fraud, shall . . . utter or possess with purpose to utter, any writing which he knows to have been forged."
Appellant specifically challenges the sufficiency of the evidence to establish that he knew that the checks were stolen and forged.
Although the evidence of knowledge was circumstantial, this court's standard of review is limited to determining "* * * whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Jenks, supra. Convictions based on circumstantial evidence, rather than direct evidence, do not require any greater review. "* * * [C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." State v. Richey (1992),64 Ohio St.3d 353, 363.
The Supreme Court has further accepted circumstantial evidence as being on a par with direct evidence. The court stated:
 Hence, we can discern no reason to continue the requirement that circumstantial evidence must be irreconcilable with any reasonable theory of an accused's innocence in order to support a finding of guilt. Jenks, at 272.
Here, the State presented sufficient, competent and credible evidence to prove beyond a reasonable doubt that appellant, with purpose to defraud, knew the checks had been forged when he uttered them.
We find on a review of the record that sufficient, credible evidence was presented that if believed would convince the average mind of appellant's guilt and support appellant's conviction for forgery. Jenks,
supra
Accordingly, we overrule appellant's sole assigned error.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. John W. Wise, J. Hon. John F. Boggins, J.